# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | |
| : | |
| Energy Future Holding Corp., et al. : | |
| : | |
| _____ : | |
| : | |
| UMB Bank, N.A., : | |
| : | |
| Appellant, : | |
| : | |
| v. : | C. A. No. 15-1098-RGA |
| : | |
| Energy Future Holdings Corp., : | |
| : | |
| Appellees. : | |
| _____ | |
| UMB Bank, N.A. : | |
| : | |
| Appellant : | |
| : | |
| v. : | C.A. No. 15-1099-RGA |
| : | |
| Energy Future Holdings Corp., : | |
| : | |
| Appellees : | |
| _____ | |
| Subsequent Settling EFIH PIK Noteholders,: | |
| : | |
| Appellant, : | |
| : | |
| v. : | C. A. No. 15-1117-RGA |
| : | |
| Energy Future Holdings Corp., : | |
| : | |
| Appellees. : | |
| _____ | |

| | |
|---|---|
| Subsequent Settling EFIH PIK Noteholders, | : |
| Appellant, | : |
| v. | : C. A. No. 15-1118-RGA |
| Energy Future Holdings Corp., | : |
| Appellees. | : |

## RECOMMENDATION

At Wilmington this **5th** day of **January, 2016**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The Appellants and Appellees in each of the above captioned matters advised the following. The appeals arise from a chapter 11 reorganization. The appellants appeal the same two rulings from the Bankruptcy Court, that is whether a premium is owed on certain notes in C.A. Nos. 15-1099 and 15-1118 and the appropriate rate of postpetition interest in C. A. Nos. 15-1098 and 15-1117. The parties settled the claims at issue in these four appeals on November 24, 2015 conditioned on the confirmation of and effectiveness of the plan of reorganization. On December 3, 2015, the Bankruptcy Court, in an oral ruling, confirmed the plan of reorganization, and entered an amended order confirming the plan of reorganization on December 9, 2015.

The plan has not yet become effective and the claims, although settled, will not be finally resolved until that time.  The parties advise that they intend to submit a joint motion and proposed order requesting this Court to hold these appeals in abeyance pending the effective date of the plan or reorganization.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation.  Through this Recommendation, the parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.   In light of parties joint request to remove the matter from mandatory mediation, no objections are expected.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE